IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STUART L. STEIN**

    **Plaintiff,**

v.                                                      **CIV-05-1356 JH/LCS**

**NEW MEXICO JUDICIAL**
**STANDARDS COMMISSION,**

    **Defendant.**

## MEMORANDUM OPINION and ORDER

This matter comes before the Court on Defendant New Mexico Judicial Standard Commission's Motion to Dismiss [Doc. No. 3, filed Feb. 2, 2006], brought pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court concludes that there is no opportunity for Plaintiff Stuart Stein to raise his civil rights claims in an administrative proceeding in which he is not a party and before an entity that has no statutory or inherent adjudicative power, the Court will deny the motion.

## BACKGROUND

The New Mexico Judicial Standards "Commission was created in 1967. Its purpose is to oversee and investigate the performance, conduct and fitness of members of the judiciary." *State ex rel. N. M. Judicial Standards Comm'n v. Espinosa*, 73 P.3d 197, 198 (N.M. 2003) (internal quotation marks omitted). It "is a creature of the judicial branch. The constitutional provision creating the Commission is found in Article VI, which is the article addressing the judicial department. Its purpose is to investigate accusations against members of the judiciary," and to serve as the "watchdog for the judiciary." *Id.* The Commission makes recommendations to the

New Mexico Supreme Court, "which determines the proper disposition of each case." *Id.*

After receiving a third-party complaint, the Commission conducts an informal, confidential investigation. *See* N.M. Const. Art. 6, § 32. If it determines that there is enough evidence to go forward, it initiates a due process hearing before a panel of three special masters who are state judges. *See id.* Witnesses are called and the respondent judge has an opportunity to defend himself/herself. *See id.* The three-judge panel reports its findings to the Commission, and on the Commission's further finding of good cause, the Commission files the record and recommends the respondent judge's discipline, removal, or retirement to the Supreme Court. *See id.* Upon the Commission's conclusion that disciplinary proceedings should be commenced, the New Mexico Supreme Court has original jurisdiction over the actual litigation and may receive additional evidence from the Commission and the respondent judge, who are the parties in the disciplinary proceeding. *See id.*; *Espinosa*, 73 P.3d at 207 (noting that the New Mexico Supreme Court does not act in an appellate role in judicial disciplinary proceedings, but rather decides the question "as an original matter") (Serna, J., specially concurring).

> Article 6, section 32 of the New Mexico Constitution provides, in relevant part:
>
> All papers filed with the commission or its masters, and proceedings before the commission or its masters, are confidential. The filing of papers and giving of testimony before the commission or its masters is privileged in any action for defamation, except that the record filed by the commission in the supreme court continues privileged but, upon its filing, loses its confidential character, and a writing which was privileged prior to its filing with the commission or its masters does not lose its privilege by the filing.

The Commission's rules provide for "near total confidentiality." *Espinosa*, 73 P.3d at 201. Witnesses may not even "disclose the existence of the proceedings or the identity of the

judge until the proceeding is no longer confidential," which is only when, and if, the Commission files a record with the Supreme Court. Jud'l Standards Comm'n Rule 7(A), (C). Violation of this confidentiality rule may result in charges for contempt. But the

> Commission has no adjudicative power; it cannot enter or enforce a judgment, does not construe or declare the law, and has no inherent judicial powers, such as the power to hold those appearing before it in contempt, *see* Rule 27-305(A) NMRA 2003 (providing for the Commission's application to this Court for assistance in the event of a willful failure to cooperate with or obstruction of Commission proceedings). The Commission serves only an advisory and investigative role and exercises none of the core judicial functions that are embodied in Article VI, Section 1. Th[e New Mexico Supreme] Court retains the ultimate power to discipline, remove, or retire a judge.

*Espinosa*, 73 P.3d at 206 (Serna, J., specially concurring).

Mr. Stein, an attorney, asserts that he witnessed a New Mexico state district court judge violate the rules of judicial conduct by "continually violat[ing] state law and the rules of procedure to the ultimate harm of [his] clients." Compl. at 2. Feeling compelled by N.M.R.A. Rule 16-803.B (providing that a lawyer having knowledge that a judge has violated rules of judicial conduct must inform the appropriate authority), Mr. Stein filed a complaint with the Commission. He desires to "discuss, publish and disclose the complaint . . . with others . . . and to discuss his testimony concerning the judge, should his testimony be taken," without fear of contempt or disciplinary proceedings being filed against him. Compl. at 3. Thus, he filed in federal district court the complaint at bar for a declaratory judgment that the Commission's confidentiality rules and Article 6, section 32 of the New Mexico Constitution violate his constitutional rights by abridging his First Amendment right to free speech. He also requests a permanent injunction prohibiting the Commission from enforcing its confidentiality and contempt rules.

The Commission moves for dismissal on two grounds: that the Court must abstain from

3

exercising its jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971); and, alternatively, that the Court should, in its discretion, decline to exercise jurisdiction until administrative remedies before the Commission have been exhausted.

## DISCUSSION

### I. LEGAL STANDARDS.

In deciding a motion to dismiss for failure to state a claim, the Court applies the following standard:

> [A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  It is true that dismissal under Rule 12(b)(6) is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.  It is also well established that dismissal of a complaint is proper only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (internal quotation marks and citations omitted).  The standards that apply to a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) are also well settled.  "Because the jurisdiction of the federal courts is limited, there is a presumption against our jurisdiction."  *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).  The Court may exercise jurisdiction only when specifically authorized to do so, and must dismiss the cause if it becomes apparent that jurisdiction is lacking. *See id*.  Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms:  facial attacks on the complaint questioning its sufficiency or factual attacks on the accuracy of the complaint's allegations.  *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Defendant's motion falls within the former category, thus the Court must accept the allegations in the complaint as true.  *See id.* at 1002.

**II. *YOUNGER* ABSTENTION.**

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff creates federal-question jurisdiction by means of a well-pleaded complaint establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law." *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999) (internal quotation marks omitted). Here, because Mr. Stein asserts that his First Amendment right to free speech under the federal Constitution is being violated by threat of contempt or disciplinary proceedings, he has established federal-question jurisdiction.

But the Commission contends that the Court must abstain from exercising its jurisdiction under *Younger v. Harris*, which holds that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions.[1] *See* 401 U.S. at 43. The Court disagrees.

"'When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction . . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.'" *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 358-59 (1989) (quoting *Willcox v. Consol. Gas Co.*, 212 U.S. 19, 40 (1909)).

---

[1] The Supreme Court extended *Younger* abstention principles to state administrative proceedings in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982), which involved ongoing disciplinary proceedings within the jurisdiction of the state's supreme court. The Court held that a pending state-court proceeding could not be enjoined when (1) that respondent attorney had an opportunity to raise constitutional issues in on-going proceedings at the state-court level; (2) it appeared that the state court was willing to decide the constitutional issues in a timely fashion; (3) there was no bad faith or harassment on the part of the committee in bringing the disciplinary complaint; and (4) the state disciplinary rules were not "flagrantly and patently" unconstitutional. *See id.* at 437 & n. 16.

> [But] there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is "the normal thing to do," *Younger v. Harris*, 401 U.S., at 45, 91 S. Ct. at 751.  We have carefully defined, however, the areas in which such "abstention" is permissible, and it remains 'the exception, not the rule.'  As recently as last Term we described the federal courts' obligation to adjudicate claims within their jurisdiction as 'virtually unflagging.'

*Id.* at 359 (internal quotation marks and additional citations omitted).  The Tenth Circuit has summarized the Supreme Court's rulings on abstention as follows.

> In *Younger*, the Supreme Court held that federal courts, except in the most exceptional circumstances, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings.  The Court based this restraint on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems.  In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Court set out a three-part test for determining whether a federal court should abstain in favor of a state proceeding.  Before a federal court abstains, it must determine that: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citations omitted).  If all three *Younger* requirements are met, a federal court must abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm.*, 457 U.S. at 435.

In the case at bar, although the Commission contends that Mr. Stein has conceded that the first *Younger* factor exists, Mr. Stein asserts that there are no ongoing state proceedings that involve him because he is not a party to the Commission's investigations.  In reviewing every case cited by the parties in which *Younger* abstention was applied except for one, which the Court will discuss below, the plaintiff in the federal case was also a party in the underlying state-court or

6

administrative proceeding.  The Court concludes that, implicit in the requirement that there be ongoing state proceedings is the assumption that the federal plaintiff is a party to those proceedings.

The Commission's jurisdiction over Mr. Stein will arise only upon a district court's future order compelling him to testify after probable cause has been established.  *See* N.M.S A. 1978, § 34-10-2.1 (B) ("In any investigation or hearing held under the provisions of this section, the commission shall have the power to administer oaths and with the concurrence of a majority of the members of the commission, it may petition a district court to subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence it may deem relevant or material to an investigation upon a showing of probable cause.").  Nothing in the record suggests that the Commission has initiated any hearings or petitioned the district court for a subpoena to acquire jurisdiction over Mr. Stein.  The New Mexico Supreme Court has not taken jurisdiction over the disciplinary proceeding and perhaps will never do so, if the Commission does not find probable cause to file disciplinary proceedings in the Supreme Court.  And nothing suggests that the administrative proceedings initiated to investigate alleged judicial misconduct afford any opportunity at all for a non-party witness to intervene in order to present separate, constitutional questions that have nothing to do with the issues before the Commission.  *See Washington v. County of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004) (holding that, where "claims raised in federal court are of a wholly different character from the charges raised in the administrative disciplinary proceedings," the circumstances do not militate in favor of abstaining from filing a federal suit until disposition of underlying state administrative proceedings).

Critically, issuing a declaratory judgment or granting injunctive relief regarding Mr. Stein's First Amendment rights will not "interrupt[] the proceedings of [the] state administrative" entity. *New Orleans Pub. Serv.*, 491 U.S. at 362. And "there is . . . no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *Id.* at 363 (internal quotation marks omitted).

As the Supreme Court has explained,

There is no greater federal interest in enforcing the supremacy of federal statutes than in enforcing the supremacy of explicit constitutional guarantees, and constitutional challenges to state action . . . call into question the legitimacy of the State's interest in its proceedings reviewing or enforcing that action. Yet it is clear that the mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction. That is so because when we inquire into the substantiality of the State's interest in its proceedings we do not look narrowly to its interest in the outcome of the particular case-which could arguably be offset by a substantial federal interest in the opposite outcome. Rather, what we look to is the importance of the generic proceedings to the State. In *Younger*, for example, we did not consult California's interest in prohibiting John Harris from distributing handbills, but rather its interest in "carrying out the important and necessary task" of enforcing its criminal laws. Similarly, in *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), we looked not to Ohio's specific concern with Dayton Christian Schools' firing of Linda Hoskinson, but to its more general interest in preventing employers from engaging in sex discrimination.

*Id.* at 365 (citations omitted). Mr. Stein is not attempting to interrupt or interfere with the ongoing state administrative judicial disciplinary proceedings. The Court therefore concludes that, because Mr. Stein is not a party to the administrative proceedings and the issues he raises are of a wholly different character than those a respondent would raise in the proceedings and do not implicate any factual findings the Commission would make, the first *Younger* factor is not met.

Further, as noted in *Espinosa*, *supra*, the Commission has no adjudicative powers.

The function of the judiciary is to construe laws and render judgments in the cases

8

>that come before it. "The essence of judicial power is the final authority to render and enforce a judgment." *Otero v. Zouhar*, 102 N.M. 493, 502, 697 P.2d 493, 502 (Ct. App.1984). The Commission itself plays no role in these functions; it neither construes laws nor renders judgments.

*Espinosa*, 73 P.3d at 206. The Supreme Court has stated that, "if state law expressly indicates that the administrative proceedings are not even 'judicial in nature,' abstention may not be appropriate." *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627-28 n.2 (1986). Because the Commission has no adjudicative authority to decide the constitutional issues Mr. Stein raises, and the New Mexico Supreme Court has not taken jurisdiction over the proceedings, the third *Younger* requirement – that "the state proceedings afford an adequate opportunity to raise the constitutional claim," *Middlesex County Ethics Comm.*, 457 U.S. at 432 (internal quotation marks omitted) – also is not met.

The Commission cites a single case, *Norwood v. Dickey*, 409 F.3d 901 (8th Cir. 2005), in support of its contention that Mr. Stein has an opportunity to raise his constitutional issues in the Commission's judicial misconduct investigative proceedings. There, in similar proceedings, an attorney challenged the constitutionality of the Arkansas Judicial Discipline commission's confidentiality provisions. Unlike in this case, the attorney conceded that the first two requirements of *Younger* were met. *See* 409 F.3d at 903. The attorney argued only that the third requirement was not met: "there was no opportunity to litigate his constitutional challenge in the state administrative proceedings" because no rules of procedure enabled a complainant to do so. *Id.* The Eighth Circuit stated that the attorney "did not present his constitutional claims before either the Arkansas Commission or the Arkansas Supreme Court." *Id.* It then noted that the commission's rules provided for the supreme court to "review any action taken upon any

9

complaint . . . and may also bring up for review a case in which the commission has failed to act." *Id.* The Court does not find *Norwood* to be persuasive authority.

First, the *Norwood* court's criticism that the attorney had not presented his constitutional claims in the state proceedings is apparently modeled after the Supreme Court's analysis in *Middlesex County Ethics Committee*. There, the attorney also argued that he had no opportunity in the state proceedings to raise his constitutional challenges to disciplinary rules. *See* 457 at 435. The Court noted that the attorney had not responded to the disciplinary complaint and "failed even to *attempt*" to raise those challenges. *Id.* (emphasis in original). Significantly, however, the attorney in *Middlesex County Ethics Committee* was a party to the proceedings and clearly had the right to raise constitutional issues concerning the disciplinary rules as part of his defense. *See id.* at 435-36. The Eighth Circuit ignored the attorney's argument in *Norwood* that there was no procedural basis for him to raise separate constitutional issues in administrative proceedings in which he was not a party, other than to state that the rules did not limit review to situations in which only a respondent seeks recourse. *See* 409 F.3d at 903.

Second, the fact that the Arkansas supreme court statutorily has appellate jurisdiction to review its commission's decisions with respect to its authority over judicial discipline says nothing about its jurisdiction to address constitutional issues unrelated to judicial discipline brought by an individual who is not a party to those proceedings. *Cf. Hutchinson v. Pfeil*, 211 F.3d 515, 518 (10th Cir. 2000) (noting that, "[a] nonparty does not have standing to appeal in the absence of most extraordinary circumstances."). The Court concludes that *Younger* abstention should not apply in the case at bar.

### III. EXHAUSTION OF REMEDIES.

Citing *Stein v. Legal Advertising Committee of the Disciplinary Board*, 272 F. Supp. 2d 1260, 1274-75 (D.N.M. 2003), the Commission alternatively asserts that the Court should exercise its inherent discretion to dismiss Mr. Stein's complaint because state remedies before the Commission have not been exhausted. *See* Def. Br. at 4. But this argument fails for the same reason as the Commission's abstention argument: because he is not a party to the judicial disciplinary proceedings, and because the Commission has no adjudicative authority, Mr. Stein has no opportunity to raise his constitutional issues in those proceedings. *Cf. Stein*, 272 F. Supp. 2d at 1275 (noting that whether the state remedy is adequate is a factor courts consider in requiring exhaustion and holding that, because Mr. Stein was a party in the disciplinary proceedings in that case, he would have an opportunity to raise his constitutional issues related to the disciplinary matters in proceedings before the supreme court).

Further, even though his complaint does not cite 42 U.S.C. § 1983 as a basis for jurisdiction, it asserts a cause of action for violation of his civil rights. The Supreme Court has held that litigants need not exhaust their administrative remedies prior to bringing a civil rights action in federal court. *See Dombrowski v. Pfister*, 380 U.S. 479, 489-490 (1965) (action seeking declaratory relief and an injunction restraining state officers from prosecuting or threatening to prosecute appellants for alleged violations of state law regulating expression); *Patsy v. Fla. Bd. of Regents*, 457 U.S. 496, 500-01 (1982) (civil rights action brought pursuant to § 1983). In determining whether exhaustion of administrative remedies should be required, "[w]ith state administrative remedies, . . . the role of the state agency becomes important once a court finds that deferring its exercise of jurisdiction is consistent with statutory intent." *Patsy*, 457 U.S. at 502 n.4. Because the Commission's role is solely as an investigatory and advisory body, and because

11

its focus is limited to a party-respondent's rights, there are no administrative "remedies" for Mr. Stein to exhaust.  Further, courts should be

> particularly reluctant to abstain in cases involving facial challenges based on the First Amendment. We have held that "abstention . . . is inappropriate for cases [where] . . . statutes are justifiably attacked on their face as abridging free expression." *Dombrowski v. Pfister*, 380 U.S. 479, 489-490, 85 S. Ct. 1116, 1122, 14 L. Ed. 2d 22 (1965). "In such case[s] to force the plaintiff who has commenced a federal action to suffer the delay of state-court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect." *Zwickler v. Koota*, 389 U.S. 241, 252, 88 S. Ct. 391, 397, 19 L. Ed. 2d 444 (1967).

*City of Houston, Tex. v. Hill*, 482 U.S. 451, 467-68 (1987) (footnote omitted).  The Court concludes that it should not use its discretion to refuse to exercise jurisdiction over the declaratory judgment action at bar.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss [Doc. No. 3] is **DENIED.**

Dated this <u>15 th</u>  day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
The Stein Law Firm
2155 Louisiana Blvd. N.E. Ste. 2200
Albuquerque, NM 87110

*Attorneys for Defendant:*
James A. Noel
P.O. Box 27248
Albuquerque, NM 87125

Brown & German
3909 Juan Tabo N.E., Ste. 2
Albuquerque, NM 87111