IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STUART L. STEIN**

    **Plaintiff,**

**v.**                                                          **CIV-05-1356 JH/LCS**

**NEW MEXICO JUDICIAL**
**STANDARDS COMMISSION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant New Mexico Judicial Standard Commission's ("the Commission") *Motion to Dismiss on the Basis of Eleventh Amendment Immunity* [Doc. No. 25, filed Aug. 11, 2006], brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. After careful consideration of the undisputed facts, the law, and the briefs submitted by the parties, the Court concludes that the motion to dismiss the Commission as the Defendant should be granted.

### I.  PROCEDURAL and FACTUAL BACKGROUND

Plaintiff Stuart Stein ("Stein"), an attorney, asserts that he witnessed a New Mexico state district court judge violate the rules of judicial conduct by "continually violat[ing] state law and the rules of procedure to the ultimate harm of [his] clients." Compl. at 2. Feeling compelled by N.M.R.A. Rule 16-803.B (providing that a lawyer having knowledge that a judge has violated rules of judicial conduct must inform the appropriate authority), Stein filed a complaint with the Commission.

Article 6, section 32 of the New Mexico Constitution provides, in relevant part:

> All papers filed with the commission or its masters, and proceedings before the commission or its masters, are confidential. The filing of papers and giving of testimony before the commission or its masters is privileged in any action for defamation, except that the record filed by the commission in the supreme court continues privileged but, upon its filing, loses its confidential character, and a writing which was privileged prior to its filing with the commission or its masters does not lose its privilege by the filing.

The Commission's rules, on the other hand, provide for "near total confidentiality." *State ex rel. N. M. Judicial Standards Comm'n v. Espinosa*, 2003-NMSC-017 ¶ 15, 134 N.M. 59. Witnesses may not even "disclose the existence of the proceedings or the identity of the judge until the proceeding is no longer confidential," which is only when, *and if*, the Commission files the record with the Supreme Court. Jud'l Standards Comm'n Rule 7(A), (C). Violation of this confidentiality rule may result in charges for contempt.

Stein desires to "discuss, publish and disclose the complaint . . . and to discuss his testimony concerning the judge" without fear of contempt or disciplinary proceedings being filed against him. Compl. at 3. Thus, on December 30, 2005, he filed in federal district court his complaint for a declaratory judgment that both the Commission's confidentiality rules and Article 6, section 32 of the New Mexico Constitution violate his First Amendment right to free speech. He also requests a permanent injunction prohibiting the Commission from enforcing its confidentiality and contempt rules.

In response to Stein's lawsuit, the Commission initially filed a motion to dismiss, asserting that the Court must abstain from exercising its jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and, alternatively, that the Court should, in its discretion, decline to exercise jurisdiction until Stein had exhausted his administrative remedies before the Commission. The Court denied the motion, concluding that: (1) Stein is not a party in the disciplinary proceedings and nothing in the record

suggested that the Commission had initiated any hearings or petitioned a district court for a subpoena to acquire jurisdiction over Stein; (2) the New Mexico Supreme Court had not taken jurisdiction over the disciplinary proceeding and would never do so if the Commission did not find probable cause to file disciplinary proceedings in the Supreme Court; (3) nothing suggested that the administrative proceedings initiated to investigate alleged judicial misconduct afforded any opportunity at all for a non-party witness to intervene in order to present constitutional questions separate from the issues before the Commission; and (4) issuing a declaratory judgment or granting injunctive relief regarding Stein's First Amendment rights would not interrupt the Commission's disciplinary proceedings.

On June 22, 2006, the Court granted the Commission an extension of time until July 14, 2006, in which to file an answer to the federal complaint. The next day, the Commission closed Stein's complaint of judicial misconduct, stating that it had "not found sufficient evidence to support [Stein's] allegations that the Judge violated the Code of Judicial Conduct and/or believes that the issues [he] present[ed] are appellate in nature" and that it would take no further action in the matter. Doc. 22, Ex. A. On July 14, 2006, the Commission filed its answer and affirmative defenses (which did not specify Eleventh Amendment immunity as a defense), as well as a motion for an order certifying a question to the New Mexico Supreme Court. Stein filed his response to the motion on July 31. On August 11, the Commission filed a motion to dismiss on the basis of Eleventh Amendment immunity.

## II.  ELEVENTH AMENDMENT IMMUNITY

Although the Commission's motion to certify a question to the New Mexico Supreme Court was filed first, the Court must address jurisdictional issues before making other rulings. *See Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("[T]he [district] court's first duty is to determine its jurisdiction to entertain and decide a case on its merits.").

3

The Eleventh Amendment bars suits against unconsenting states in federal courts. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996). This absolute immunity against suit extends to state officials acting in their official capacities and to state agencies that are "arms of the state." *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). There are three exceptions: (i) Congress may abrogate a state's immunity, *see Seminole Tribe*, 517 U.S. at 55-57; (ii) parties may generally sue state officials acting in their official capacities for prospective injunctive relief against violations of federal law, *see id.* at 73; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) (holding that prospective equitable relief against state officials for violations of federal law may not be granted when such relief "implicates special sovereignty interests" of the state); *Ex parte Young*, 209 U.S. 123, 159 (1908); and (iii) the State or its arm may waive immunity, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985).

The Commission contends, and Stein does not dispute, that it is an arm of the State entitled to protection by New Mexico's Eleventh Amendment immunity. Stein argues, however, that the Commission waived its right to immunity by actively participating in the litigation by requesting relief in its various motions and by failing to assert Eleventh Amendment immunity in its answer.

Assuming that the Commission is an arm of the State, the Court concludes that the Commission has not expressly or implicitly waived its right to immunity. "[W]aiver of Eleventh Amendment immunity occurs only where stated by the most express language," and filing a motion to dismiss is not sufficient for waiver to apply. *See Mascheroni v. Bd. of Regents*, 28 F.3d 1554, 1556, 1560 (10th Cir. 1994) (internal quotation marks omitted). In the cases Stein cited, waiver was implied because the State had either removed the suit to federal court or had purposefully filed suit in federal court, thereby clearly indicating its intention to submit itself to federal jurisdiction. *See*

4

*Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) (holding that "the State's action joining the removing of [the] case to federal court waived its Eleventh Amendment immunity"); *Gardner v. New Jersey*, 329 U.S. 565, 574 (1947) (holding that State waived its Eleventh Amendment immunity by voluntarily appearing in bankruptcy court to file a proof of claim); *Clark v. Barnard*, 108 U.S. 436, 447 (1883) (holding that State's "voluntary appearance" in federal court as an intervenor avoids Eleventh Amendment inquiry). Here, although the Commission should have raised the immunity defense before the parties spent months in litigation in federal court and the Court entered rulings denying dismissal on other grounds, it did not waive its immunity by merely participating in the litigation and failing to earlier raise the defense. *See Edelman v. Jordan*, 415 U.S. 651, 677-78 (1974) (noting that a State may raise immunity from suit at any time during the proceedings, including on appeal).

Further, although Stein seeks only prospective declaratory and injunctive relief, the exception to immunity created in *Ex Parte Young* "is narrow: It . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Stein has not moved to amend his suit to add the Commissioners, acting in their official capacities, as defendants. Nevertheless, the Commission must be dismissed as the Defendant, and since there is no other named defendant, the case must be dismissed.

**IT IS ORDERED** that the Commission's motion to dismiss [Doc. No. 25] is **GRANTED**.

**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
The Stein Law Firm
2155 Louisiana Blvd. N.E. Ste. 2200
Albuquerque, NM 87110

*Attorneys for Defendant:*
James A. Noel
P.O. Box 27248
Albuquerque, NM 87125

Brown & German
3909 Juan Tabo N.E., Ste. 2
Albuquerque, NM 87111