IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN

     Plaintiff,

v.                                                                    CIV-05-1356 JH/LCS

**NEW MEXICO JUDICIAL**
**STANDARDS COMMISSION,**

     Defendant.

## MEMORANDUM OPINION and ORDER

This matter comes before the Court on Plaintiff Stuart L. Stein's Motion for Rehearing brought pursuant to rule 59(e) of the Federal Rules of Civil Procedure [Doc. 38, filed Sept. 28, 2006]. After careful consideration of the undisputed facts, the law, and the briefs submitted by the parties, the Court concludes that the Motion should be granted.

On September 27, 2006, the Court dismissed Stein's complaint because the Commission is protected from suit in federal court by New Mexico's Eleventh Amendment immunity, and Stein had failed to name the individual Commission members as Defendants. *See* Doc. 36 at 5. Stein concedes that the Court properly dismissed the Commission as a party, but seeks to set aside the dismissal of his suit and moves for leave to amend his complaint to name the individual Commissioners as the proper Defendants. Stein has attached a proposed amended complaint to his motions.

The Commission contends that the Court should not vacate the judgment dismissing the complaint and that Stein should not be allowed amend the complaint. It asserts that: (i) there are no grounds for granting the Motion for Rehearing, (ii) Stein delayed in moving to amend the complaint to name the individual Commissioners until the Court dismissed the complaint, and (iii) the Court has

no jurisdiction to consider Stein's request to amend his complaint.

"[C]ourts sometimes have granted Rule 59(e) motions to vacate judgments of dismissal to permit amending the complaint." *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987); *see Foman v. Davis*, 371 U.S. 178, 182 (holding that the Court of Appeals erred in affirming the District Court's denial of the petitioner's Rule 59 motion to vacate the judgment in order to allow amendment of the complaint because amendment was neither futile nor unduly delayed). Although the Court may not grant leave for post-judgment amendment of a complaint until the judgment dismissing the complaint has been set aside, *see Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).") (quotation marks omitted; alteration in original), the Court may examine the equities of allowing Stein to amend his complaint in determining whether to set aside its judgment. *See, e.g., Foman v. Davis*, 371 U.S. at 182. In doing so, the Court acknowledges that, "the purpose of pleading is to facilitate a proper decision on the merits. The Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action." *Id.*

Delay alone will not justify denial of leave to amend a complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). In determining whether the delay in amending is undue, the Court must consider both the length of the delay and the reason for its occurrence. *See id.* at 1205-06.

> Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed. R. Civ. P. 15(a); *see also* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed.1990). However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* The longer the

>   delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) ("[D]elay alone is an insufficient ground to deny leave to amend.  At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." (internal citations and quotation marks omitted)).

*Id.* at 1206.  Thus, the Court should also consider whether the Commission would be unfairly prejudiced by allowing amendment of the complaint at this stage in the proceedings and whether allowing amendment would place an unwarranted burden on the Court.

Stein filed his complaint on December 30, 2005.  As mentioned in the order dismissing the complaint, the Commission failed to raise immunity as an affirmative defense or in its initial motion to dismiss.  The Commission did not move for dismissal based on immunity until August 11, 2006.  The parties agreed, before the Court issued its order dismissing the Commission as a party, that Stein should have until November 1, 2006, to join additional parties, *see* Doc. 34, and Stein immediately moved to set aside the judgment and to amend his complaint on September 28, 2006, the day after the Court entered its judgment of dismissal.  On these facts, the Court concludes that the delay in filing the amended complaint was not solely Stein's fault, nor was it lengthy or undue.

Because it has been dismissed as a party, the Commission is not prejudiced by allowing amendment. Further, allowing discovery to go forward as provided in the provisional discovery plan does not place any additional burden on the Court or on the individual Commissioners.  The Court concludes that the judgment dismissing the complaint [Doc. 37] should be vacated and that the September 27 Order [Doc. 36] should be amended to grant leave for Stein to file an amended complaint naming the individual Commissioners as Defendants.

**IT IS ORDERED** that the September 27, 2006, judgment dismissing the complaint is **VACATED**.

**IT IS FURTHER ORDERED** that Stein's Motion for Rehearing and Motion to Amend Complaint are **GRANTED**.

**Dated this 20th day of November, 2006.**

_____
**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Stuart L. Stein
The Stein Law Firm
2155 Louisiana Blvd. N.E. Ste. 2200
Albuquerque, NM 87110

*Attorneys for Defendant:*
James A. Noel
P.O. Box 27248
Albuquerque, NM 87125

Daniel J. Macke
Brown & German
2901 Juan Tabo N.E., Ste. 208
Albuquerque, NM 87112