IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN

      Plaintiff,

v.                                                    CIV-05-1356 JH/LCS

FRANK WILSON, JAMES HALL,
LARRY GARCIA, BUDDY HALL,
DAVID SMOAK, WILLIAM VALENTINE,
GLORIA TARADASH, PAUL SENA,
DAN SOSA, ALBERT LAMA, and
BOB TURNER, ALL MEMBERS OF
THE NEW MEXICO JUDICIAL
STANDARDS COMMISSION,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion to Certify a Question of State Law to the New Mexico Supreme Court [Doc. 19], filed July 14, 2006, which was adopted by the current Defendants on December 5, 2006. *See* Doc. 51 at 2. Defendants seek to certify the following question to the New Mexico Supreme Court:

> [i] Whether Art. VI, § 32 of the New Mexico Constitution prohibits the disclosure of a Complaint filed with the Judicial Standards Commission by non-parties to the Commission proceeding and further, [ii] whether it prohibits disclosure of testimony by non-parties, if testimony is taken, or [iii] disclosure as to the final disposition and handling of the Complaint by the Commission?

Because the Court concludes that parts [i] and [iii] of the question are not difficult to answer based on the unambiguous constitutional language at issue and relevant state appellate-court opinions; and that part [ii] of the question is not an issue presented by the facts in this case, the Court will deny the

motion.

## BACKGROUND

Plaintiff Stuart L. Stein, an attorney, asserts that he witnessed a New Mexico state district court judge violate the rules of judicial conduct by "continually violat[ing] state law and the rules of procedure to the ultimate harm of [his] clients." First Amended Compl. (Doc. 43) ¶ 6. Feeling compelled by N.M.R.A. Rule 16-803.B (providing that a lawyer having knowledge that a judge has violated rules of judicial conduct must inform the appropriate authority), Mr. Stein filed a complaint with the Judicial Standards Commission in late December, 2005. *See id.* ¶ 7.

Article VI, section 32 of the New Mexico Constitution is entitled "Judicial Standards Commission" and provides, in relevant part:

> All papers filed with the commission or its masters, and proceedings before the commission or its masters, are confidential. The filing of papers and giving of testimony before the commission or its masters is privileged in any action for defamation, except that the record filed by the commission in the supreme court continues privileged but, upon its filing, loses its confidential character, and a writing which was privileged prior to its filing with the commission or its masters does not lose its privilege by the filing.

The Commission is authorized to "promulgate regulations establishing procedures for hearings." *Id.* These rules provide for "near total confidentiality." *State ex rel. N. M. Judicial Standards Comm'n v. Espinosa*, 73 P.3d 197, 201 (N.M. 2003). The Commission requires witnesses called to testify in a due process hearing to take an oath not "disclose the existence of the proceedings or the identity of the judge until the proceeding is no longer confidential," which is only when, and if, the Commission files a record with the Supreme Court. Jud'l Standards Comm'n Rule 7(A), (C). Violation of this confidentiality rule may result in charges for contempt.

In addition to its formal hearing rules, the Commission has promulgated instructions applying

to complainants. *See* Att. 1 to Compl. (Doc. 1); Amended Compl. ¶ 10. The Commission informed Mr. Stein and other complainants that "[t]he New Mexico Constitution requires that matters before the Commission be kept confidential." Att. 1 to Compl. The Commission instructed Mr. Stein that complainants also "are expected to keep the filing of your complaint and this matter confidential." *Id.*

The Commission notified Mr. Stein by letter in June 2006 that it "has not found sufficient evidence to support [Mr. Stein's] allegations that the Judge violated the Code of Judicial Conduct and/or believes that the issues [he] presented are appellate in nature." Pl.'s Surreply (Doc. 33), Ex. A. Accordingly, the Commission closed the case without initiating a due process hearing where witnesses would be called, and without filing a record with the Supreme Court. *See id.* The Commission informed Mr. Stein that its "proceedings and closure of this matter will remain confidential pursuant to Article VI § 32 of the New Mexico Constitution." *Id.*

Stein desires to "discuss, publish and disclose the complaint . . . with others and the disposition and handling of the complaint by Defendant Commission members" without fear of the Defendants instigating contempt or disciplinary proceedings against him for violating rules or to enforce their rules. Amended Compl. ¶¶ 11, 15. The Amended Complaint seeks a declaratory judgment that the Commission's confidentiality rules and instructions and Article VI, section 32 of the New Mexico Constitution violate his constitutional rights by abridging his First Amendment right to free speech. He also requests a permanent injunction prohibiting the Commission from enforcing its confidentiality and contempt rules.

## **ANALYSIS**

"Whether to certify a question of state law to the state court is within the discretion of the

federal court." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). It is "manifestly inappropriate to certify a question in a case where . . . there is no uncertain question of state law whose resolution might affect the pending federal claim." *City of Houston, Tex. v. Hill*, 482 U.S. 451, 471 (1987). Rather, "[n]ovel, unsettled questions of state law . . . are necessary before federal courts may avail themselves of state certification procedures." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997) (internal quotation marks omitted). An unsettled or "uncertain" question of law may arise when a state provision is either "ambiguous []or obviously susceptible of a limiting construction." *Hill*, 482 U.S. at 471. But "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo*, 843 P.2d at 407. "A necessary . . . component is the difficulty in determining the local law." *Copier By & Through Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998).

In addition, the scope of the New Mexico Supreme Court's authority to accept certification of questions from this Court is limited (i) to questions of law whose answer may be determinative of an issue in pending litigation in the certifying court and (ii) to questions for which the answer is not provided by a controlling appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals or by a New Mexico constitutional provision or statute. *See* N. M. Stat. Ann. § 39-7-4 (Michie 1978); N.M.R.A. 12-607.

As the Court noted in its December 15, 2006, Order granting partial injunctive relief to Mr. Stein,

> the relevant constitutional language imposes confidentiality only of "[a]ll *papers filed with the commission* . . . , and *proceedings before the commission*." N.M. Const. art. VI, § 32 (emphasis added). The Commission's position has been that it is not sure whether this language "would even apply to third-parties like [Mr. Stein]," Defs.' Resp. [to Pl.'s Motion for Preliminary Injunction (Doc. 49)] at 3 n.4. And, indeed,

> the New Mexico Supreme Court has noted that "[t]he provisions of a constitution . . . relate only to the sovereign government that is the subject of that constitution, and a Bill of Rights provision contained within a state constitution serves to protect against abuse of power by that sovereign." *State v. Cardenas-Alvarez*, 25 P.3d 225, 235 (N.M. 2001) (internal quotation marks omitted). Thus it appears that the constitutional provision may limit only the authority of the commission to disclose information, rather than restricting the First Amendment rights of third-party citizens like Mr. Stein.

Doc. 62 at 8. Defendants concede that there is "no doubt" that article VI, § 32 plainly controls the *Commission's* ability to publicly disclose complaints prior to the Commission filing the record with the Supreme Court, and they cite a case noting that the state constitution limits the powers of the legislative, executive, and judicial branches. *See* Mot. to Certify at 4. And the Defendants admit that the constitutional provision under review "does not, on its face, prohibit disclosure of information by third party complainants" like Mr. Stein. They correctly note, too, that Mr. Stein has proffered no authority for the proposition that this constitutional provision prohibits him from discussing the fact that he filed a complaint. Defs.' Reply (Doc. 27) at 3. But the Defendants caution that the Court should not accept the constitutional provision's seemingly clear and plain language mandating confidentiality by the Commission. Defendants insist that the Court instead should certify the question whether the provision applies to third parties because there *might* be a "latent ambiguity" similar to the ones found in *Mosk v. Superior Court*, 601 P.2d 1030 (Cal. 1979), and *Recorder v. Comm'n on Judicial Performance*, 85 Cal. Rptr. 2d 56 (Cal. Ct. App. 1999).

Mr. Stein argues that no latent ambiguity exists but contends, despite the Defendants' insistence to the contrary, that he and Defendants "agree that the confidentiality provisions of the New Mexico Constitution are binding on Plaintiff." Pl.'s Sur-reply (Doc. 33) at 6. He apparently bases this "agreement" on the Commission's statement in its instruction letter that he was "expected

to keep the filing of [his] complaint confidential," located in the same paragraph stating that the New Mexico Constitution requires that matters before the Commission be kept confidential.

Mr. Stein suggests that, if someone "claimed that the confidentiality provisions only applied to Defendant Commission, its employees and the judge whose conduct was at issue, then there may be this elusive 'latent ambiguity'" that would support certification. *Id.* at 7.

The Court concludes that there is no latent ambiguity whether the constitutional provision applies to third parties. The title and plain language refer only to the Commission, and the New Mexico Supreme Court has held that the New Mexico Constitution limits government, and not individuals. The legislative history indicates that the purpose of the new constitutional provisions added in 1967 regarding establishing the Commission was intended to "achieve an efficient and well-disciplined judicial system possessing the highest degree of integrity." REPORT OF THE CONSTITUTIONAL REVISION COMMISSION at 88 (1967). Nothing in the Report indicates that the new provisions limited otherwise free speech of individual complainants.

Further, Article VI, § 32 provides that,

> [t]he *filing of papers* and giving of testimony before the commission or its masters *is privileged in any action for defamation*, except that the record filed by the commission in the supreme court continues privileged but, upon its filing, loses its confidential character, and a writing which was privileged prior to its filing with the commission or its masters does not lose its privilege by the filing.

Art. VI, § 32 (italics added). If the constitutional provision also constrained *complainants* or other third parties (like newspapers) from revealing or publishing complaints, there would never be a situation in which the accused judge could bring a suit for defamation regarding a complaint. The quoted language implicitly recognizes that a complainant or other third party may divulge a copy of a filed complaint or its contents to individuals other than the Commission, thereby provoking a state-

6

law suit for defamation if the statements are untrue, and that only the filing of the complaint with the Commission is privileged.

Both *Mosk* and *Recorder* are distinguishable because neither involve questions regarding who is limited by analogous confidentiality provisions. In *Mosk*, the parties were arguing over the meaning of a California constitutional provision stating, "[t]he Judicial Council shall make rules implementing this section and providing for confidentiality of proceedings." 601 P.2d at 1040. The judge argued that the words "providing for confidentiality of proceedings" meant that rules allowing public hearings before the Commission on Judicial Performance were unconstitutional. *See id.* at 1039-40. The Council argued that this same language imbued it with discretion to decide which proceedings before the Commission should be confidential, maintaining that if all proceedings before the Commission had to be confidential, there would be no need to give the Council authority to make rules regarding confidentiality, and noting that former language clearly mandating confidentiality had been changed in the newest constitutional revision. *See id.* at 1040-44. Because both parties argued that their views were supported by the plain language of the same constitutional provision, *see id.* at 1040, the court stated that there was a "latent ambiguity," *id.* at 1044. The Court explained that, "[a] latent ambiguity is said to exist where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic evidence creates a *necessity* for interpretation or a choice among two or more *possible meanings*." *Id.* n.18 (internal quotation marks omitted) (italics in original). No extrinsic evidence in this case creates the suggestion that Article VI, § 32 of the New Mexico Constitution applies to individuals who are neither Commissioners nor their agents or employees.

The Court in *Recorder* was asked to interpret a constitutional amendment involving the California Commission on Judicial Performance providing: "When the commission institutes formal

proceedings, the notice of charges, the answer, and all subsequent papers and proceedings shall be open to the public for all formal proceedings instituted after February 28, 1995." 85 Cal. Rptr. 2d at 60 n.4.

> The [plaintiff newspaper] contends that the term "papers" or the term "proceedings," or both, clearly encompass the casting and recording of votes by individual commissioners. For its "plain language" argument, the commission relies primarily on what is not found in section 18(j), *i.e.*, on the absence of any specific provision requiring disclosure of the votes of individual commissioners.

*Id.* at 64. The Commission also contended that, because it had authority to make its own procedural rules, it did not have to reveal how each Commission member voted. *See id.* at 61. The Court held that the term "proceedings" is "malleable" and inherently ambiguous, requiring the Court to "look beyond the plain language . . . to ascertain its meaning and scope in the present context." *Id.* at 65. The Defendants in the case at bar suggest that use of the term "proceedings" in Article VI, § 32 may "imply a broader scope of confidentiality, which would include disclosures by third-parties." The Court disagrees.

> The New Mexico Supreme Court has instructed that
>
> courts must exercise caution in applying the plain meaning rule. Its beguiling simplicity may mask a host of reasons why a statute, apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate (*i.e.*, nonfrivolous) differences of opinion concerning the statute's meaning. In such a case, it can rarely be said that the legislation is indeed free from all ambiguity and is crystal clear in its meaning. While-as in this case-one part of the statute may appear absolutely clear and certain to the point of mathematical precision, lurking in another part of the enactment, or even in the same section, or in the history and background of the legislation, or in an apparent conflict between the statutory wording and the overall legislative intent, there may be one or more provisions giving rise to genuine uncertainty as to what the legislature was trying to accomplish. In such a case, it is part of the essence of judicial responsibility to search for and effectuate the legislative intent-the purpose or object-underlying the statute.

*State ex rel. Helman v. Gallegos*, 871 P.2d 1352, 1359 (N.M. 1994). The New Mexico Supreme

Court has also noted that "[a]n ambiguity does not exist simply because a controversy exists between the parties, each favoring an interpretation contrary to the other," and that "[r]esort will not be made to a strained construction for the purpose of creating an ambiguity when no ambiguity in fact exists." *Battishill v. Farmers Alliance Ins. Co.*, 127 P.3d 1111, 1115 (N.M. 2006) (internal quotation marks omitted). In light of New Mexico Supreme Court cases holding that the New Mexico Constitution is a limitation on government, it is not a legitimate contention to speculate that use of the term "proceedings" may create a latent ambiguity that could be construed to limit a complainant's right to "freely speak, write, and publish his sentiments on all subjects" preserved in Article II, § 17 of the New Mexico Bill of Rights.

Finally, the interpretation of corollary New Mexico Supreme Court rules requiring confidentiality in attorney disciplinary proceedings are instructive in determining whether this constitutional provision applies to third parties. In *Guttman v. Widman* the plaintiff filed suit in federal court, alleging that he was prevented from publicizing his complaints against an attorney, in violation of his right to free speech, by Rule 17-304 of the Rules Governing Discipline promulgated by the New Mexico Supreme Court. *See* 188 Fed. Appx. 691, 694 (10th Cir. 2006). Rule 17-304 provides that "any investigation and any investigatory hearing conducted by or under the direction of disciplinary counsel . . . shall be entirely confidential unless and until they [] become matters of public record by" one of several subsequent conditions. *See id.* The Tenth Circuit noted that, "[a]lthough Rule 17-304 does not explicitly state that complainants are not bound by its confidentiality provisions, Rule 17-105(C)(5) provides, '*Disciplinary counsel* shall have the duty . . . to keep all complaints and other disciplinary matters confidential except as otherwise provided by these rules.'" *Id.* at 697 (italics in original). Disciplinary counsel for the New Mexico Supreme

9

Court urged, and the Tenth Circuit concluded, that Rule 17-304 does not require a complainant to keep his own complaints about an attorney confidential, and that the plaintiff's claim that the Rules applied to him and limited his free speech was "wholly speculative." *See id.* & n.3.

The Court concludes that any claim that Article VI, § 32 may be latently ambiguous such that it could be interpreted to apply to third-party complainants is wholly speculative and a strained and illegitimate construction, in light of the provision's title and plain language referring to the Commission and the New Mexico Supreme Court's holdings that the Constitution limits government. Article VI, § 32 simply does not apply to limit Mr. Stein's right to free speech. Because the question whether Article VI, § 32 applies to third parties is not difficult to answer and has already been generally addressed by New Mexico state appellate case law, there is no need to certify parts (i) and (iii) of the question presented by the Defendants to the New Mexico Supreme Court. *See Copier*, 138 F.3d at 839.

As noted in the Court's December 15, 2006 order, Mr. Stein was never a witness in any proceeding before the Commission. *See* Doc. 62 at 10-11. In fact, he asserts that he was never even interviewed or contacted by the Commission or its investigatory staff about the complaint that he filed. *See* Pl.'s Sur-reply at 2.

> Rule 7(C) is entitled "Oath of witnesses" and states that witnesses in "proceedings" shall be sworn "not to disclose the existence of the proceeding or the identity of the judge until the proceeding is no longer confidential under these rules." Jud'l Standards Comm'n Rule 7(C). It is violation of this oath that is an act of contempt punishable by sanctions. *See id.* As mentioned above, the Defendants have pointed out in their brief that no proceedings have taken place before the Commission, and Mr. Stein therefore is not a "witness" and has not taken an oath under this Rule. Thus the Commission's Rules also do not appear to bear upon the issues raised in this motion for injunctive relief.

Doc. 62 at 10-11. For this same reason, part (ii) of the question posed by the Defendants, asking

10

whether Article VI, §32 "prohibits disclosure of testimony by non-parties, if testimony is taken," is not an issue that will affect the outcome of the complaint at bar. Accordingly, it is "manifestly inappropriate" to certify that question. *See Hill*, 482 U.S. at 471.

**IT IS ORDERED** that Defendants' Motion to Certify [Doc. 19] is denied.

**Dated this 12th day of January, 2007.**

_____
**UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Stuart L. Stein
The Stein Law Firm
2155 Louisiana Blvd. N.E. Ste. 2200
Albuquerque, NM 87110

*Attorneys for Defendant:*
James A. Noel
P.O. Box 27248
Albuquerque, NM 87125

Daniel J. Macke
Brown & German
2901 Juan Tabo N.E., Ste. 208
Albuquerque, NM 87112