# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**STUART L. STEIN**

     **Plaintiff,**

**v.**                                                                 **CIV-05-1356 JH/LCS**

**FRANK WILSON, JAMES HALL,
LARRY GARCIA, BUDDY HALL,
DAVID SMOAK, WILLIAM VALENTINE,
GLORIA TARADASH, PAUL SENA,
DAN SOSA, ALBERT LAMA, and
BOB TURNER, ALL MEMBERS OF
THE NEW MEXICO JUDICIAL
STANDARDS COMMISSION,**

     **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the Defendants' Motion for Summary Judgment (Doc. 79, filed Mar. 15, 2007), and on Plaintiff Stuart L. Stein's Motion for Summary Judgment (Doc. 82, filed Apr. 2, 2007). Having carefully considered the undisputed relevant facts raised by the parties and the applicable law, the Court concludes that it should deny both motions.

## LEGAL STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a

court "must view the facts in the light most favorable to the nonmovant and allow the

nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v.*

*Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir.

1998).  If there is no genuine issue of material fact in dispute, then a court must next determine

whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g.*, *Jenkins v.*

*Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## UNDISPUTED FACTS

The Court will set forth the undisputed facts as stated in its previous memorandum

opinion and order.

> Plaintiff Stuart L. Stein, an attorney, asserts that he witnessed a New
> Mexico state district court judge violate the rules of judicial conduct by
> "continually violat[ing] state law and the rules of procedure to the ultimate harm
> of [his] clients." First Amended Compl. (Doc. 43) ¶ 6.  Feeling compelled by
> N.M.R.A. Rule 16-803.B (providing that a lawyer having knowledge that a judge
> has violated rules of judicial conduct must inform the appropriate authority), Mr.
> Stein filed a complaint with the Judicial Standards Commission in late December,
> 2005.  *See id.* ¶ 7.

> Article VI, section 32 of the New Mexico Constitution is entitled "Judicial
> Standards Commission" and provides, in relevant part:

>> All papers filed with the commission or its masters, and
>> proceedings before the commission or its masters, are confidential.
>> The filing of papers and giving of testimony before the
>> commission or its masters is privileged in any action for
>> defamation, except that the record filed by the commission in the
>> supreme court continues privileged but, upon its filing, loses its
>> confidential character, and a writing which was privileged prior to
>> its filing with the commission or its masters does not lose its
>> privilege by the filing.

> The Commission is authorized to "promulgate regulations establishing
> procedures for hearings."  *Id.*  These rules provide for "near total confidentiality."
> *State ex rel. N. M. Judicial Standards Comm'n v. Espinosa*, 73 P.3d 197, 201
> (N.M. 2003).  The Commission requires witnesses called to testify in a due
> process hearing to take an oath not "disclose the existence of the proceedings or

the identity of the judge until the proceeding is no longer confidential," which is only when, and if, the Commission files a record with the Supreme Court. Jud'l Standards Comm'n Rule 7(A), (C). Violation of this confidentiality rule may result in charges for contempt.

In addition to its formal hearing rules, the Commission has promulgated instructions applying to complainants. *See* Att. 1 to Compl. (Doc. 1); Amended Compl. ¶ 10. The Commission informed Mr. Stein and other complainants that "[t]he New Mexico Constitution requires that matters before the Commission be kept confidential." Att. 1 to Compl. The Commission instructed Mr. Stein that complainants also "are expected to keep the filing of your complaint and this matter confidential." *Id.*

The Commission notified Mr. Stein by letter in June 2006 that it "has not found sufficient evidence to support [Mr. Stein's] allegations that the Judge violated the Code of Judicial Conduct and/or believes that the issues [he] presented are appellate in nature." Pl.'s Surreply (Doc. 33), Ex. A. Accordingly, the Commission closed the case without initiating a due process hearing where witnesses would be called, and without filing a record with the Supreme Court. *See id.* The Commission informed Mr. Stein that its "proceedings and closure of this matter will remain confidential pursuant to Article VI § 32 of the New Mexico Constitution." *Id.*

Stein desires to "discuss, publish and disclose the complaint . . . with others and the disposition and handling of the complaint by Defendant Commission members" without fear of the Defendants instigating contempt or disciplinary proceedings against him for violating rules or to enforce their rules. Amended Compl. ¶¶ 11, 15. The Amended Complaint seeks a declaratory judgment that the Commission's confidentiality rules and instructions and Article VI, section 32 of the New Mexico Constitution violate his constitutional rights by abridging his First Amendment right to free speech. He also requests a permanent injunction prohibiting the Commission from enforcing its confidentiality and contempt rules.

Memorandum Opinion and Order denying Defendants' motion to certify at 2-3 (Doc. 73, filed

Jan. 17, 2007).

## ANALYSIS

### 1. The Defendants' motion for summary judgment.

Focusing solely on the New Mexico constitutional provision quoted above, Defendants

(hereinafter collectively referred to as "the Commission" or "the Commissioners") argue that

they are entitled to summary judgment because: (i) Stein's claims are moot because of the Court's prior rulings, *see* Defs.' Mot. at 5-6; (ii) he does not have standing and his claims are not "ripe" because he has presented "no evidence of a credible threat of prosecution" if he publishes the fact and content of his judicial complaint, and therefore can show no injury, *id.* at 6-9; and (iii) the controversy is "purely hypothetical," *id.* at 10.

In a previous brief, the "Defendants stated that the constitutional provision under review 'does not, on its face, prohibit disclosure of information by third party complainants' like Mr. Stein."  *Id.* at 5.  The Court agreed, after closely examining the constitutional provision, New Mexico Supreme Court case law interpreting that provision, and analogous Tenth Circuit law, and concluded that Article VI, § 32 of the New Mexico Constitution "does not apply to limit Mr. Stein's right to free speech" preserved in the United States Constitution and in Article II, § 17 of the New Mexico Bill of Rights.  *Id.* at 8-10.  In their Motion for Summary Judgment, the Commissioners contend that this conclusion is now "law of the case" and should bar Stein's claims. The Court again agrees only to the extent Stein relies upon the constitutional provision. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (stating, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

However, Stein has taken issue with more than the constitutional provision alone. He also contends that the Commission's rules abridge his right to free speech because the Commission specifically instructed him that he must keep confidential the fact that he filed a complaint against a judge and that he can not publish the complaint or its contents.  Thus Stein's claim that his first amendment free speech rights are violated by the confidentiality required by the Commission's rules and instructions has not previously been decided and is not barred by

4

"law of the case" principles.

Additionally, the claim is neither moot nor purely hypothetical. Stein attached to his original complaint a copy of the Commission's letter containing what Stein contends are restrictions to free speech . *See* Doc. 1 at 6 (attachment to original complaint); Doc. 43 at 4 (amended complaint referencing and quoting letter).  Additionally, despite Commissioner Smoak's 2007 affidavit to the contrary,[1] *see* Defs.' Mot., Ex. B at 1-2, the Commission has taken steps in requiring that Stein keep the complaint confidential and in seeking sanctions for his failure to do so.  *See* Pl's. Mot., Ex. A at 5 (Tr. of Proceedings before the N.M. Disciplinary Board regarding Stein's disciplinary proceedings) (noting appearance by Commission's counsel seeking to keep out of the Board's record Stein's complaint against the judge who instituted disciplinary proceedings against Stein, even if the Board sealed the complaint); Defs.' Mot. for Order to Show Cause (Doc. 63, filed Dec. 18, 2006) (requesting contempt order because Stein attached a copy of the judicial complaint to a document in his disciplinary proceeding) (later withdrawn).   The Commission's instruction letter[2] to complainants together with the Commission's actions, sufficiently dispute the Commission's  contention that there is "no allegation, much less evidence, that Mr. Stein's speech has ever been restricted by any act of the Defendants"  Defs.' Mot. at 8, so as to defeat summary judgment on that point because there

---

[1] Commissioner Smoak's 2007 affidavit said the Commission was not aware that Stein had ever disclosed or published his complaint; the Commission had never charged or threatened him with comtempt or other adverse consequences, and given the current state of the law, [the commission] has no intention of seeking contempt for any such publication or disclosure. Defs.' Motion, Ex. B at 1-2

[2] The Court recognizes that the language in the instruction letter is somewhat vague as to the nature of the prohibition and is silent as to enforcement action. These observations contribute to the factual dispute that renders summary judgment unavailable at this time.

remains a question of material fact as to mootness. Viewing the facts in the light most favorable

to Stein as the non-moving party, there is a question of fact as to whether the Commission will or

will not initiate some action against Stein, so that the claim is not moot or hypothetical.

The Commission contends Stein has suffered no injury because there is no credible threat

of prosecution so that his claim is not ripe and he lacks standing to bring the claim. It has long

been held that a prior restraint on specific content of speech produces an injury redressable

through prospective or declaratory relief.  "The loss of First Amendment freedoms, for even

minimal periods of time, unquestionably constitutes irreparable injury."  *Elrod v. Burns*, 427

U.S. 347, 373 (1976) (plurality opinion); *see Bronx Household of Faith v. Bd. of Educ. of N. Y.*,

331 F.3d 342, 349 (2d Cir. 2003) (stating, "[w]here a plaintiff alleges injury from a rule or

regulation that directly limits speech, the irreparable nature of the harm may be presumed").

The Tenth Circuit recently stated that,

> We hold that plaintiffs in a suit for prospective relief based on a "chilling effect" on speech can satisfy the requirement that their claim of injury be "concrete and particularized" by (1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so because of a credible threat that the statute will be enforced.  Though evidence of past activities obviously cannot be an indispensable element—people have a right to speak for the first time—such evidence lends concreteness and specificity to the plaintiffs' claims, and avoids the danger that Article III requirements be reduced to the formality of mouthing the right words.  If the plaintiffs satisfy these three criteria, it is not necessary to show that they have specific plans or intentions to engage in the type of speech affected by the challenged government action.  *See . . . Ward*, 321 F.3d at 1267 (noting that a plaintiff suffers injury in fact when she is " 'chilled from exercising her right to free expression or forgoes expression in order to avoid enforcement consequences'" (quoting *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003))).  We believe that satisfaction of these three criteria provides roughly the same level of concreteness and particularity that our precedents have demanded in cases involving the threat of criminal prosecution.

*Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006).  "To satisfy the injury in fact requirement, the plaintiff must demonstrate that expressive activities will be inhibited by an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences following from the statute's enforcement." *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (internal quotation marks omitted).  Stein has sufficiently satisfied the criteria necessary regarding injury to defeat summary judgment by demonstrating that his desire to discuss his complaint against the judge was inhibited by his fear that the Commission would charge him with contempt or report him to the Disciplinary Board, as discussed above. Furthermore , because the Court must analyze the  injury prong of a standing analysis at the time the complaint is filed, *see Mink*, 482 F.3d at 1253-54,  Stein has standing to request a declaratory judgment and prospective relief, and his claim is ripe. Thus, while Commissioner Smoak's Affidavit indicates a lack of intention to take any further action against Stein, that affidavit (and evidence) may have relevance on the merits, but is not determinative of the standing issue because it was not yet in existence when Stein filed his Complaint. (The Affidavit is dated March 9,2007, and the Complaint was filed December 30. 2005).

        The Court also disagrees with the Commission's argument that the Eleventh Amendment bars Stein's claims because the Commissioners have no contempt power.  *See* Defs.' Mot. at 11 (citing *Snoeck v. Brussa*, 153 F.3d 984 (9th Cir. 1998)).  In *Snoeck*, the Ninth Circuit found that the only proper defendant for a similar challenge to a rule requiring confidentiality by complainants, which was promulgated by the Nevada Commission on Judicial Discipline, was the Nevada Supreme Court.  *See* 153 F.3d at 991.  This ruling was based upon the fact that only the Nevada Supreme Court had the authority to actually enforce the  rule by holding violators in contempt of court.  *See id.*

However, the United States Supreme Court has held that, in order to sue an individual state officer in an action for prospective injunctive relief, "such officer must have *some connection* with the enforcement of the act." *Ex Parte Young*, 209 U.S. 123, 157 (1908) (italics added).   Here, there is a material issue regarding the Commission's ability to  recommend to the Supreme Court that a person be held in contempt for violation of their instruction not to publish the complaint.  "The Commission is therefore a classic prosecutorial  authority and its members the ideal *Ex Parte Young* defendants."  *Snoeck*, 158 F.3d at 989 (Tashima, J., dissenting). *See also Wash. Legal Found. v. Tex. Equal Access to Justice Found.*, 86 F. Supp. 2d 617, 624  (W. D. Tex. 2000) (finding "instructive" Judge Tashima's analysis concluding that the members of the Nevada Commission on Judicial Discipline were proper defendants).

Finally, the Court disagrees with the  the Commission's premise that "there is no declaratory or prospective relief that can be granted" at this stage in the proceedings, Defs.' Mot. at 12, where the Court previously granted a limited preliminary injunction "(i) allowing Mr. Stein to disclose the fact of, and the details underlying, the judicial complaint to the Disciplinary Board in the disciplinary proceedings against him and (ii) prohibiting the Defendants from charging Mr. Stein with contempt or reporting him to the Disciplinary Board for allegedly violating the New Mexico Constitution or Commission Rules as a result of that disclosure," Dec. 15, 2006 Order (Doc. 62) (partially granting Stein's motion for preliminary injunction).  Stein seeks more than the limited relief the court previously addressed. He seeks a declaratory judgment regarding the constitutionality of the Commissioners' instruction letter and whether he may publish the complaint to the world at large.  The Court has not previously decided either question.

Because the Commission has not established entitlement to judgment as a matter of law,

the Court will deny its motion for summary judgment.

**2. Stein's motion for summary judgment.**

Stein contends that he has established his entitlement to a declaratory judgment and prospective injunctive relief as a matter of law. The Court disagrees. Stein's motion for summary judgment is based solely on his claim that Article VI, § 32 of the New Mexico Constitution and Rule 7 of the Judicial Standards Commissions' Rules violate his right to free speech. *See* Doc. 82 at 1-2. Neither provision applies in this case. As discussed above, the constitutional provision has previously been ruled inapplicable to Stein as a third party, and not violative of his First Amendment rights. Rule 7 is also inapplicable to Stein because Rule 7 requires confidentiality by witnesses who have testified in a due process hearing. No such hearing or testimony occurred here so that Rule 7 does not apply to Stein on these facts. Stein attached to his complaint the letter he received from the Commission informing him he was expected to keep the filing of the complaint and the matter confidential and alleged in his amended complaint that this letter unlawfully prohibits his First-Amendment right to free speech. However, he does not mention the letter in his Motion for Summary Judgement as providing a basis for summary judgment. Rulings on summary judgment motions must be limited to the discrete issues and facts raised by the parties in the motion. See *O'Toole v. Northrop Grumman Corp.*, 305 F.3d 1222, 1227 (10th Cir. 2002) ("Rule 56 provides for summary judgment motions on particular issues or claims, and it is unquestionable that a non-moving party is not required to establish the existence of genuine issues of material fact for trial on matters not addressed by the summary judgment motion"). Stein has not satisfied his summary judgment burden.

**IT IS ORDERED** that the parties' motions for summary judgment (Docs. 79 & 82) are

DENIED.

**Dated this 18th day of March, 2008.**

_____
**UNITED STATES DISTRICT JUDGE**