IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN

    **Plaintiff,**

v.                                            CIV-05-1356 JH/LCS

FRANK WILSON, JAMES HALL,
LARRY GARCIA, BUDDY HALL,
DAVID SMOAK, WILLIAM VALENTINE,
GLORIA TARADASH, PAUL SENA,
DAN SOSA, ALBERT LAMA, and
BOB TURNER, ALL MEMBERS OF
THE NEW MEXICO JUDICIAL
STANDARDS COMMISSION,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Stuart L. Stein's Motion for Leave to File Second Amended Complaint for Declaratory Judgment and Other Relief, filed July 17, 2009 (Doc. 111). Stein's existing complaint, filed in 2005, seeks a declaratory judgment on his "claim that his first amendment free speech rights are violated by the confidentiality required by the Commission's rules and instructions." Memorandum Opinion and Order filed March 18, 2008 at 3 (Doc. 99). In his motion to amend, Stein admits that the Commission has now withdrawn its previous rules and instructions and no longer requires a complainant to keep confidential his complaints against a judge. *See* Doc. 111 at 1-2. But he states that he desires to file an additional complaint against another judge, *see id.* Att. 1 at 7, ¶ 17, and the Commission's *new* requirements also "chill" his First-Amendment rights. *See id.* at 4-6, ¶¶ 12-14. Specifically, Stein seeks to amend his Complaint to allege that the Commission's new requirement that a person who files a complaint against a judge

must sign a statement affirming that the complainant understands that his actions are privileged against "any action for defamation" regarding statements made about the judge to the Commission, but that "untrue" statements publicly made *outside* Commission proceedings "may" subject the complainant to an action for defamation by the judge.  *Id.* at 5, ¶ 12.  Stein contends that this requirement chills Stein's right to free speech because the instructions do not *also* inform complainants that, to prevail in an action for defamation, the judge must prove by clear and convincing evidence that the complainant acted with actual malice in defaming the judge.  *See id.*

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after an answer has been filed, a party may amend his complaint only "with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Defendants object to the amendment.  Stein seeks to add a new cause of action to his original suit based on events occurring four years after his original suit was filed.  His justification for doing so is his opinion that allowing amendment to add a brand-new claim will somehow "put the pleadings in the proper position for final disposition."  Doc. 111 at 2.  The Court cannot see how adding a new, separate cause of action will assist in resolving a case that has been pending for four years and that is based on totally different facts.  If Stein insists on pressing his new claim, it should more properly be brought in a separate action.  It is prejudicial to the Defendants to allow an amendment in this case at this time, and would only delay the disposition of Stein's original claim.  *See Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"); *Brown v. Uphoff*, No. 96-8114, 114 F.3d 1198, 1997 WL 313970, *3 (10th Cir. June 10, 1997) (affirming denial of motion to amend in part "because it raised issues and asserted claims unrelated to the original complaint").  The Court will deny the motion to amend.

Alternatively, even if the Defendants were not prejudiced, the Court would deny leave to amend because Stein's proposed second amended complaint does not state a claim for violation of his First-Amendment rights, thus amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "futility of amendment" is a valid basis for denying leave to amend); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").

Stein contends that his right to talk publicly about the prospective complaint he desires to file is somehow indirectly chilled because the Commission has not informed him of the prima facie elements and burdens of proof present in a defamation case. He admits that the Commission does not proscribe speech about his prospective complaint. Plaintiffs who claim that "governmental regulations that fall short of a direct prohibition against the exercise of First Amendment rights" but that nevertheless have a "'chilling,' effect" on free speech state a claim for relief only "if the challenged exercise of governmental power was regulatory, proscriptive, or compulsory in nature, and the complainant was either presently or prospectively subject to the regulations, proscriptions, or compulsions that he was challenging." *Laird v. Tatum*, 408 U.S. 1, 11 (1972). But to simply subjectively "disagree with" an agency's efforts and perceive that those efforts "produce[] a constitutionally impermissible chilling effect upon the exercise of [] First Amendment rights" does not state a violation of the First Amendment because "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id.* at 13-14. As a matter of law, informing individuals who file complaints against judges that filing a complaint with the Commission is absolutely privileged, but, *if they publicly make statements that are untrue outside that forum*, thereby defaming a judge, they "may" be liable to the judge in a civil

3

suit does not improperly chill free speech.  The Commission, by including these statements in its form complaint, indicates that a complainant has the right to share his statements with the general public, and has neither threatened sanctions for publicly disclosing the complaint nor imposed a prior restraint on free speech.  As the Supreme Court has pointed out, "[s]ubsequent civil or criminal proceedings, rather than prior restraints, ordinarily are the appropriate sanction for calculated defamation or other misdeeds in the First Amendment context."  *CBS, Inc. v. Davis*, 510 U.S. 1315, 1318 (1994).  The Commission correctly  informed complainants of the potential consequence of publicly making untrue statements about judges in any forum other than Commission proceedings.  And failing to include in its form complaint all of the essential elements of a defamation claim by a public official and the official's burden of proof did not, by those omissions, create a affirmative regulation or proscription causing objective, direct or indirect, present or future harm to free speech.

**IT IS ORDERED** that Stein's Motion for Leave To Amend [Doc. 111] is DENIED.

_____
UNITED STATES DISTRICT JUDGE