## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN,

       Plaintiff,

v.                                           CV 05-1356 JH/WPL

FRANK WILSON, JAMES HALL,
LARRY GARCIA, BUDDY HALL,
DAVID SMOAK, WILLIAM VALENTINE,
GLORIA TARADASH, PAUL SENA,
DAN SOSA, ALBERT LAMA, and
BOB TURNER, ALL MEMBERS OF
THE NEW MEXICO JUDICIAL
STANDARDS COMMISSION,

       Defendants.

## ORDER GRANTING
## MOTION FOR PROTECTIVE ORDER

The Honorable Linda M. Vanzi has filed a Motion for Protective Order to preclude Plaintiff from taking her deposition pursuant to a *Subpoena Duces Tecum* issued by Plaintiff concerning the complaint against her that Plaintiff filed with the New Mexico Judicial Standards Commission. (Doc. 124.) Judge Vanzi advances two separate arguments in support of her motion. First, she submits that the subpoena was not validly issued by Plaintiff and should be quashed. Second, she claims that her testimony is not relevant to any claims or defenses in this case and that Plaintiff is merely attempting to annoy, embarrass or oppress her.

Under Federal Rule of Civil Procedure 45, an attorney may issue and sign a subpoena on behalf of any court before which the attorney is authorized to practice. FED. R. CIV. P. 45(a)(3). There is no dispute that Plaintiff was disbarred by the New Mexico Supreme Court on December

19, 2007. He also has been suspended from the practice of law by the Supreme Court of Florida. Judge Vanzi asserts that Plaintiff was automatically suspended from practice in the District of New Mexico pursuant to Local Rule of Civil Procedure 83.10(b), which states that "[a]ny member of the Bar of this District Court disbarred or suspended from practice by any state . . . is automatically suspended from practice in this District." D.N.M.LR-Civ. 83.10(b). Thus, according to Judge Vanzi, Plaintiff was not authorized to issue the subpoena for her deposition and it must be quashed.

Plaintiff argues that the automatic suspension provision of Local Rule 83.10(b) is contrary to a long line of federal cases and is unconstitutional. Plaintiff asserts that a disbarment in federal court may not automatically flow from a disbarment in state court. *See Greer's Refuse Servs., Inc. v. Browning-Ferris Indus. of Del.*, 782 F.2d 918, 919 (11th Cir. 1986) (discussing *Selling v. Radford*, 243 U.S. 46 (1917) and *Theard v. United States*, 354 U.S. 278 (1957)). In *Browning-Ferris*, the District Court for the Middle District of Florida suspended Wilkes from practicing in the district because he was disbarred in New York and suspended from practice in Florida. *See* 782 F.2d at 921. The court relied upon its local rule 2.04(b), which provided that an attorney was automatically suspended from practice in the district twenty days after being suspended or disbarred by a state court. *See id.* The Eleventh Circuit reversed Wilkes's automatic suspension, determining that Wilkes could not be suspended in federal court before the court reviewed the state court disciplinary record. *See id.* at 922.

Plaintiff asserts that, before suspending or disbarring an attorney in a reciprocal discipline case, a federal court must review the state court record to determine whether: (1) the state proceeding lacked due process; (2) the proof in the state proceeding was inadequate; or (3) some other reason existed such that imposing reciprocal discipline would result in grave injustice. (*See* Doc. 28 at 3 (citing *Selling*, 243 U.S. at 51, *Browning-Ferris*, 782 F.2d at 920, and *In re Wilkes*, 494

2

F.2d 472 (5th Cir. 1974)).) Because Local Rule 83.10(b) denies Plaintiff the right to raise the *Selling*

defenses, Plaintiff claims that he was not properly suspended by the District of New Mexico and

could validly issue the subpoena.

The response to this argument by the Attorney General's Office, which represents Judge

Vanzi, is remarkably deficient. The AG does not cite, much less discuss, *Browning-Ferris* or the two

United States Supreme Court cases discussed in *Browning-Ferris* (*Selling* and *Theard*). Instead, the

AG cites two cases, *In re Martin*, 400 F.3d 836 (10th Cir. 2005) and *In re Rodriguez*, 304 F. App'x

947 (3d Cir. 2008), which do not directly address automatic suspension in a reciprocal discipline

case. (*See* Doc. 129 at 1-2.) In fact, in *Rodriguez*, the Third Circuit simply adopted the report and

recommendation of its Standing Committee on Attorney Discipline which had specifically referred

to the *Selling* factors when discussing whether a federal court should impose reciprocal discipline

based on discipline imposed by a state court. *See Rodriguez*, 304 F. App'x at 954.

The inadequate briefing by the AG fails to properly illuminate this issue, and cautions

against holding on this record that Local Rule 83.10(b) is unconstitutional. It is clear that district

courts have the authority to supervise and discipline attorneys who appear before them, but the

power to suspend or disbar lawyers must be "exercised within the parameters of due process." *In

re Surick*, 338 F.3d 224, 231 (3d Cir. 2003) (internal quotations omitted). My brief research

discloses other cases in which federal courts have followed the requirements of *Selling* and *Theard*

that they conduct an independent review of state disciplinary proceedings before they suspend or

disbar an attorney from practice. *See In re Bailey,* 450 F.3d 71, 73 (1st Cir. 2006) (per curiam)

(noting that federal court review in reciprocal disciplinary matter is limited to "determining only that

the state proceeding complied with due process, that there was adequate proof of misconduct, and

that imposing reciprocal discipline would not result in a grave injustice"); *Surick*, 338 F.3d at 231

(explaining that a federal reciprocal disciplinary proceeding "requires federal courts to conduct an independent review of the state disciplinary proceeding prior to imposing punishment [and that], although state bar membership is required of those seeking admission to practice before the federal district courts of a given state, disbarment by the state does not result in automatic disbarment by the federal court" (quoting *In re Ruffalo*, 390 U.S. 544, 547 (1968) (internal punctuation omitted))); *In re Calvo*, 88 F.3d 962, 966-67 (11th Cir. 1996) (per curiam) (noting that "a state court disbarment should be accorded federal effect" if the federal court reviews the state court proceeding and it satisfies the *Selling* factors); *see also In re Wrightman-Cervantes*, 236 F. Supp. 2d 618, 620 (N.D. Tex. 2002). By virtue of its inadequate briefing, the AG has failed to establish that Stein was automatically suspended from practice in this District, and that he could not issue the subpoena for Judge Vanzi's deposition.

Judge Vanzi also argues that I should issue a protective order because her testimony is not relevant to any of the issues in this case. This argument has merit. Plaintiff's Amended Complaint seeks a declaratory judgment that the Judicial Standards Commission's (JSC) confidentiality rules and instructions, and Article VI, § 32 of the New Mexico Constitution, violate his constitutional rights by abridging his First Amendment right to free speech. (*See* Doc. 43 at 5.) Plaintiff also seeks a permanent injunction and reasonable attorney's fees. (*See id*. at 5-6.) Judge Vanzi has never been a member of the JSC. Instead, Judge Vanzi sent a letter to the New Mexico State Bar's Disciplinary Board about Plaintiff that ultimately led to Plaintiff's disbarment in New Mexico.

Federal Rule of Civil Procedure 26(b)(1) was amended in 2000 to allow parties to obtain discovery on any matter that is not privileged that is relevant to the claim or defense of any party. *See* FED. R. CIV. P. 26(b)(1); 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2007 (Supp. 2009). Further, for good cause, the

court "may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information. The Supreme Court has stated that the discovery rules "are to be accorded a broad and liberal treatment," and "either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

The scope of discovery is not, however, unlimited, and protective orders are appropriate when the information sought is not relevant and a party seeks to harass or oppress another. Federal Rule of Civil Procedure 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). The bar for issuance of a protective order is high. *Minter v. Wells Fargo Bank*, 258 F.R.D. 118, 125 (D. Md. 2009). If the discovery sought is relevant, the party moving for a protective order bears the burden of showing good cause. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *see also Hammond v. Lowe's Home Ctrs.*, 216 F.R.D. 666, 670 (D. Kan. 2003) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance . . . ."). However, the burden is on the party requesting discovery to demonstrate its relevance, and "allowing parties to seek any discovery, regardless of whether the court finds the discovery to be irrelevant, would be unjust, overly time consuming, and an ineffective use of judicial resources." *Res. Assocs. Grant Writing & Evaluation Servs., LLC v. Maberry*, No. CIV 08-0552, 2009 WL 1312951, at *4 (D.N.M. Feb. 5, 2009). "[T]he Supreme Court has underscored that the requirement of Rule 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery to protect a party or person from annoyance, embarrassment, or oppression." *Regan-*

*Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal punctuation omitted)).

A protective order prohibiting Plaintiff from taking Judge Vanzi's deposition is appropriate because Plaintiff has failed to explain how Judge Vanzi's testimony will lead to information relevant to the claims he has asserted. Plaintiff does not argue that Judge Vanzi's testimony is relevant to the issues in his complaint. He claims, instead, that the Defendants "opened the door to make this discovery appropriate" by propounding an interrogatory that requested information about the nature of the discussion Plaintiff wanted to engage in regarding the complaint filed against Plaintiff with the JSC and the handling of the complaint by the Commission. (Doc. 128 at 6.) He claims that he needs to know the details about the investigation by the JSC of his complaint against Judge Vanzi.

Yet, Plaintiff fails to explain how discovery about the JSC investigation will produce information that could be relevant to his First Amendment claim. Defendants have not broadened the scope of permissible discovery by perhaps inartfully drafting an interrogatory. In determining the scope of discovery, the parties and the court should focus on the "actual claims and defenses involved in the action," and parties are not entitled to discovery "to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26(b)(1) Advisory Committee Notes (2000 Amendments). Because Judge Vanzi's testimony is not relevant to Plaintiff's claims, a protective order is appropriate and Plaintiff is prohibited from taking Judge Vanzi's deposition.

IT IS SO ORDERED.

William P. Lynch
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          6